**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO CISNEROS-FLORES, | No. 25-5849 |
| Petitioner - Appellant, | D.C. No. 4:25-cv-00267-RM--MAA |
| v. | |
| WARDEN - Safford F.C.C., | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted February 18, 2026[**]

Before:     CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Federal prisoner Alejandro Cisneros-Flores appeals pro se from the district court's judgment dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C § 1291. Reviewing de novo, *see Lane v. Salazar*, 911 F.3d 942, 947 (9th Cir. 2018), we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cisneros-Flores seeks restoration of time credits earned under the First Step Act ("FSA") that he claims the Bureau of Prisons ("BOP") wrongfully took from him after a prison transfer. However, the record shows, and Cisneros-Flores does not contest, that he was convicted of possessing heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i), and the sentencing court found he was a leader or organizer of the offense when calculating his offense level. Contrary to Cisneros-Flores's argument, these circumstances make him ineligible to receive FSA credits. *See* 18 U.S.C. § 3632(d)(4)(D)(lxv) (a prisoner "is ineligible to receive time credits" if the prisoner is serving a sentence under 21 U.S.C. § 841(b)(1) relating to possession with intent to distribute heroin and the sentencing court found that the offender was an organizer or leader of the offense under the Guidelines). Because Cisneros-Flores is statutorily ineligible for FSA time credits, we do not address his argument that the BOP is improperly determining eligibility or his reliance on *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).

**AFFIRMED.**

25-5849